UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:12-cr-515-T-33AEP

SAMIH ABDEL RAHMAN and
IZDEHAR ABDEL RAHMAN
_____/

**ORDER**

This matter is before the Court pursuant to Defendants' Motion to Dismiss Counts Two, Three, and Four of the Indictment (Doc. # 29), which was filed on January 17, 2013. The Government filed a Response in Opposition to the Motion (Doc. # 31) on February 4, 2013. For the reasons that follow, the Court denies the Motion.

**I.  Background**

A grand jury sitting in the Middle District of Florida returned a five-count Indictment against Defendants on November 29, 2012. (Doc. # 1). Count One of the Indictment charges that the Defendants participated in a money laundering conspiracy with three objects: concealment, avoidance of a transaction reporting requirement, and transactional money laundering, all in violation of 18 U.S.C. § 1956(h). Counts Two through Four relate to Defendants' purchase of a Jeep Grand Cherokee, for approximately $29,000 in currency, from an undercover agent professing to be a drug dealer.

Specifically, Count Two charges Defendants with a substantive count (under the "sting" provision) of money laundering with the intent to conceal, in violation of 18 U.S.C. § 1956(a)(3)(B). Likewise, Count Three charges Defendants with a substantive count (also under the "sting" provision) of money laundering with the intent to avoid a transactional reporting requirement, in violation of 18 U.S.C. § 1956(a)(3)(C). Count Four charges that Defendants failed to file a Form 8300, in violation of 31 U.S.C. § 5331. Count Five, which is not implicated in the Court's analysis of the Motion, charges that Defendants conspired to structure their banking transactions, in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5324(a)(3).

Defendants seek an Order dismissing Counts Two through Four of the Indictment "as violative of their constitutional protections against being placed twice in jeopardy for the same offense." (Doc. # 29 at 1). Defendants assert that these Counts are multiplicitous. The Court denies the Motion for the reasons set forth below.

**A.  Double Jeopardy**

The Double Jeopardy clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The

Court has identified three guarantees provided by the Double Jeopardy clause: "(1) It protects against a second prosecution for the same offense after acquittal. (2) It protects against a second prosecution of the same offense after conviction. (3) And it protects against multiple punishments for the same offense." Ill. v. Vitale, 447 U.S. 410, 415 (1980)(internal citation omitted); see also United States v. Adams, 1 F.3d 1566, 1572 (11th Cir. 1993)(same).

The Court determines that Defendants' double jeopardy arguments are prematurely asserted at this early stage of the proceedings. Defendants have not been, and are not currently, subjected to a second prosecution for the same offense, making the first two Double Jeopardy protections irrelevant at this juncture. In addition, Defendants have not been convicted, either via trial or guilty plea, and thus, the third protection against "multiple punishments" is not implicated.[1]

B. **Multiplicity**

Putting aside the fact that Defendants' Double Jeopardy arguments are not yet ripe for the Court's review, the Court

---

[1] In the context of Defendants' "multiple punishments" argument, the Court notes that such argument is not ripe for review at this juncture. As correctly noted by the Government, "the concern voiced by the Defendants is one appropriately limited to a sentencing hearing, and not a pretrial motion." (Doc. # 31 at 3).

3

will take this opportunity to address Defendants' specific contention that Counts Two through Four are multiplicitous. "An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995). "A multiplicitous indictment therefore violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." United States v. Williams, 527 F.3d 1235, 1240, 1241 (11th Cir. 2008). The test for multiplicity "is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Eleventh Circuit has held "that charges are not multiplicitous where they differ by a single element or fact." United States v. England, No. 11-11601, 2012 U.S. App. LEXIS 17071, at *10 (11th Cir. Aug. 15, 2012) (citing United States v. Costa, 947 F.2d 919, 926 (11th Cir. 1991)).

Under Blockburger, a single criminal act can give rise to multiple separate offenses. See e.g. Gore v. United States, 357 U.S. 386 (1958)(defendant received consecutive sentences for three separate offenses arising out of a single narcotics sale). In applying the Blockburger test, also known as the "same-elements" test, the Court focuses on the statutory

4

elements of the charged offense. "If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975).

This Court's examination of the elements of each Count of the Indictment reveals that they are not multiplicitous. Beginning with a comparison of Counts Two and Three with Count Four, the Court finds that the elements are wholly different and do not share any commonalities. Proving the offense charged in Count Four inherently requires separate and unique facts from Counts Two and Three.

As to Counts Two and Three, the Court acknowledges that such Counts are indeed similar; however, this similarity does not give rise to a multiplicitous indictment because the intent required in proving a violation of these Counts differs. Specifically, Count Two requires an intent to conceal, and Count Three requires an intent to avoid a transactional reporting requirement. As asserted by the Government, "Because the 'intent' element is different in Counts Two and Three, the charges are not the 'same' under Blockberger." (Doc. # 31 at 5). In addition, the Court determines that Counts Two and Three are charged properly as

separate offenses because the facts and evidence required to prove each is different in this case. Accordingly, the Court denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' Motion to Dismiss Counts Two, Three, and Four of the Indictment (Doc. # 29) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of February 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record